GEORGE O. WYATT, ETC., RESPONDENT, v. KANSAS CITY ART INSTITUTE, EMPLOYER; EMPLOYERS' LIABILITY ASSURANCE CORP., INSURER, APPELLANT.—88 S. W. (2d) 210.

Kansas City Court of Appeals. November 12, 1935.

*Madden, Freeman & Madden* for respondent.

*Russell Field* for appellant.

SHAIN, P. J.—The action at bar arises out of a claim filed before the Workmen's Compensation Commission by George Osborne Wyatt, a minor, by his guardian. The claim is predicated on the death of his mother, Mildred Wyatt, deceased, while in the employ of the Kansas City Art Institute, which said institute and the Employers' Liability Assurance Corporation are the appellants herein.

There is no jurisdictional question involved and it is admitted that the said Mildred Wyatt was an employee of said Art Institute and it is admitted that she met her death by being struck by an automobile while crossing Main Street in Kansas City, Missouri, at or near 4544 of said street.

As shown by the appellants' brief the only question before us is claimed errors on the part of the Workmen's Compensation Commission in trying the issue of fact and reaching a conclusion that the deceased mother was injured by an accident arising out of and in the course of her employment.

It appears that a hearing was first had before Edgar C. Nelson, a member of the commission. In this hearing the award was for the claimant. Thereafter, appellants filed application for review and thereafter hearing was had before the full commission which resulted in an award to claimant, and thereafter appeal was taken to the circuit court.

The trial on appeal was in Division 9 of the Circuit Court of Jackson County, Missouri, in the May Term, 1935, of said court. The award of the commission was upheld and the said Art Institute and Employers' Liability Assurance Corporation duly appealed.

## OPINION.

The appellants make assignment of errors, as follows:

### "I.

"The award and judgment in favor of claimant was based on hearsay testimony admitted over the objection of appellants.

### "II.

"The award and judgment should have been in favor of appellants for the reason, that the testimony, preserved in the transcript, before the commission, showed deceased had turned aside from her duties to her employer, and was following her own domestic ends, and therefore, deceased was not injured by an accident arising out of and in the course of her employment, and not in, on or about the premises where her duties were being performed, or where her services required her presence as a part of such service, within the meaning of Section 3305 (c), Revised Statutes of Missouri, 1929.

### "III.

"The testimony of claimant at the first hearing before one commissioner, that his wife did not say where she was going to make a call and that he did not know on whom the call was to be made, was a judicial admission, and absent explanation of mistake, he may not later contradict such testimony."

The above does not specifically point out error for us to review, in that there is presented nothing but the conclusions of appellants touching action on part of the court.

As no point is raised by the respondent, however, we review upon the theory that it may be presumed from the argument that the appellants intended to assign error in respect to the matters stated.

In the review of Workmen's Compensation cases, the appellate courts are mindful of the fact that the hearing being reviewed is a hearing before a quasi-judicial body, wherein the hearings are less formal than suits before a court of general jurisdiction. Appellate courts are also justified in taking judicial knowledge of the fact that one of the purposes of the act is to eliminate many formalities that tend to the law's delay. While our experience teaches us that the act has fallen far short of expectations in the above respect, still, we feel it our duty in reviewing such cases to make the intended purpose as effective as possible.

It follows, that absent jurisdictional claim, or claim of fraud, it becomes our duty to examine the whole record and in the case there is competent evidence to support the award it becomes our duty to sustain the finding of fact made by the commission.

With the above in mind, we have carefully gone over the record in this case and it being admitted that the claimant's mother was an employee of the appellant Art Institute and as it is shown that it was in the line of her duty to go to see people in Mission Hills, Country Club and other localities in Kansas City, Missouri, to make collections, or reinstate old members, or deliver membership cards, or solicit, etc., we look to the record to determine the question as to whether it can be legitimately inferred from the evidence as to whether she was in the performance of such duty when she received her injury.

On the morning that the accident occurred to Mrs. Wyatt, she had in her possession a card made out to a Mrs. Vigeant, who resided in the Plaza district across the bridge on the south side of the Plaza in Kansas City, Missouri. It is shown that the delivery of this card was one of the duties of Mrs. Wyatt. It is shown by the record that, at the time and place of the accident, Mrs. Wyatt was proceeding with the card in question in a general course and direction and under circumstances in evidence from which it might be reasonably inferred that she was proceeding in the line of her duty to deliver said card. Such, we conclude, is sufficient to sustain the commission in finding that she received her injury while engaged in the line of duty to her employer.

Having concluded that the evidence supports the finding of fact as made by the commission, let us state tersely, and we conclude that citation of authority is not necessary, that based upon repeated declarations of our appellate courts and based upon the expressed provisions of the Workmen's Compensation Act, and, upon the legislative intent as expressed in the act itself, that even though in the

hearing before the commission violations of the strict rulings as to admissibility of evidence as applied to trials in the circuit court, which would present reversible error, still if we find from a study of the record that there is sufficient competent evidence to support the finding of the commission then it becomes our duty to sustain said finding.

As to point three of the appellants' brief: We have examined the record and so far as George Osborne Wyatt, minor and claimant, is concerned there is no record showing that he ever testified before the commission.

We conclude that the testimony of claimant's father cannot be so attributed to claimant as to bring consideration of his testimony within the rule as expressed in Steel v. Kansas City Southern Ry. Co., 175 S. W. 177 or Weddle v. St. Joseph Ry. Co., 47 S. W. (2d) 1098.

Based upon conclusions above presented the judgment of the circuit court in upholding the findings of fact and award of the Workmen's Compensation Commission is affirmed. All concur.